[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS 231.00, 236.00 237.00 AND 248.00
This case comes to this court on four post-judgment motions.
Motion #236.00 is a Motion For Contempt filed by the mother (hereinafter the parties are called mother and father since this involves visitation). Motion #236.00 is denied. The decision for all the motions follows hereinafter.
Motion #231.00 filed by the mother is granted in that Doctor CT Page 7777 Herman is relieved in his role as monitor and mediator of the custody issues. The court finds that under all the circumstances, the mother does not feel that he is objective and it is not in the best interests of the children for him to remain in a monitor/mediator role. The court is amending Schedule A of the original Agreement as will be set forth more particularly hereinafter.
Motion #237.00 is granted in that the mother is ordered to refrain from showing the children or allowing the children to handle firearms, archery equipment, weapons or any kind of related ammunition. She is to keep all firearms, archery equipment or other weapons and ammunition in her custody or her possession securely locked in a location inaccessible to the children for the duration of the visits with the children. Said motion is denied as it requests turning over of tapes as set forth therein.
The Motion to Modify Visitation being #248.00 is granted in that the court will modify visitation.
It is clear to this court after listening to the parties, that their style of parenting is substantially different. The father is the custodial parent and the mother the visitor. It is clear to this court that the mother had in the Separation Agreement of the parties dated April 3, 1991, the tools to substantially increase her visitation. She refused, however, to comply with the procedures set forth therein. It is clear to this court that although she puts a great reliance in her inability to pay the psychiatrists, the court has determined that was only one of the factors in her noncompliance. She chose to do it her way rather than the way set forth in the Agreement.
The court is impressed with the fact that initially, it was perceived that the mother had substantial psychiatric and psychological problems. She received a relatively clean bill of health from her psychiatrist. Her psychiatrist, Doctor Daley, felt she had no psychiatric impairment to her parenting skills. He felt that her baptism of the children was as a result of a stressful situation. He felt there was no psychological basis to deny immediate visitation with the mother. He saw her approximately eighteen times.
Doctor Herman testified at length and his report of February 25, 1991 was defendant's Exhibit C and his report of September 2, 1992 was plaintiff's Exhibit 7. He is clearly an expert in his CT Page 7778 field. He rendered the initial report and then was called back in again to render the report in September of 1992. September of 1992 was the last time he really worked on this file.
In Doctor Herman's testimony on July 28, 1993, he indicated that easy, frequent and liberal access to both parents is when the children do best post-judgment. He felt however, the wife was doing a lot of lying to the children. He indicated that the crystallizing factor in the case was when she lied about baptizing the children. He indicated, "don't tell your father" to the children is the worst thing you can do as it confuses loyalties and they cannot handle the appropriate kinds of feelings. He indicated that he saw both the mother and the father on August 5, 1992 at different times. It is clear to this court that in April of 1991, Doctor Herman was heading toward expanded visitation.
The mother presents to this court the image of a changed person since August of 1992. She has a lot to offer these children. The parties do not disagree that mom should visit. The question becomes the quantity of the visitation. This court feels it is in the best interest of the children for mom to have increased visitation. Dad is still the custodial parent and has the major control over the day to day activities of the children. Dr. Sacks may still be involved and this court perceives that if the mother's conduct becomes psychologically abusive we will hear from the Doctor further. The court notes that in doing his update Dr. Herman did not talk to the children. The court did not have the testimony of Dr. Sacks. The court has not heard any evidence that the children have substantial psychological problems.
Dr. Herman, in his initial report, Exhibit C where he recommended that the father have custody, indicated, "I feel it would be to their detriment to be denied adequate contact with their mother". (p. 17). He further indicated, and this court ratifies, "The children's growth and development should be taken into account and a plan for the next several years should be developed with an overall direction being toward greater visitation with Diane Lewis." (Pg. 17)
Accordingly, the court finds after having listened to the witnesses, reviewed all the exhibits, and reviewed the statutory criteria under 46b-56 that it is in the best interests of the children to modify the visitation as follows:
1. 2.1(a) The mother shall have the children on alternate CT Page 7779 weekends from Saturday at 11am until Sunday until 6 p.m. except that every fourth alternate weekend shall be from Friday at 5 p.m. until Sunday at 6 p.m. In addition, on the weeks preceding the weekends with no parenting time for the mother, the mother, upon one weeks written notice shall have the children during the week, commencing one hour after the end of the school day until she returns them to school or the husband's home on the following morning. Said weekday evening may be either Wednesday or Thursday as she selects.
2. 2.1(b) shall remain.
3. 2.1(c) shall remain except Dr. Herman's role is terminated.
4. 2.1(d) shall remain.
5. 2.1(e) shall remain.
6. 2.1(f) shall remain.
7. Paragraphs 2.2 through paragraphs 2.11 shall remain.
8. 2.12 shall be deleted.
9. Schedule A Holidays 1 through 5 shall remain.
10. Schedule A Vacation, paragraph 6 shall be modified as follows; The wife shall have two non consecutive one week periods (non summer) with the children each year.
11. Schedule A Summer Vacation number 7 shall remain.
12. Schedule A Summer Vacation number 8 shall be modified as follows; The mother shall have 7 consecutive days with the children each calendar year during the months of July and August commencing in 1994.
13. Schedule A Summer Vacation number 9 shall remain.
14. Schedule A Summer Vacation number 10 shall remain.
15. Schedule A Summer Vacation number 11 is deleted.
16. Except as to the express modifications to article 2 and Schedule A set forth herein the agreement of the parties dated CT Page 7780 April 3, 1991 in the judgement [judgment] incorporating said agreement shall continue in full force and effect.
KARAZIN, J.